IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROBERT KING VIA, JR.,
  Plaintiff,

v.                                                            Civil No. 3:23cv318 (DJN)

HAROLD W. CLARKE, *et.al.*,
  Defendants.

### MEMORANDUM OPINION

Robert King Via, Jr., a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Via's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Complaint (ECF No. 1) and the action will be DISMISSED.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive

2

dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Via names as Defendants: Harold Clarke, the Director of the Virginia Department of Corrections ("VDOC"); K. Cosby, the Regional Ombudsman for the VDOC; Beth Cabell, the Warden of Sussex II State Prison; Ops. Vandermark, the Operations Manager at Sussex II; and, Officer Critton, in the Grievance Office ("Defendants"). (ECF No. 1, at 1.)[2] Via alleges that after the Supreme Court of Virginia denied the direct appeal of his criminal conviction, in April 2020, he requested to use the institution's law library so he could prepare his state habeas petition. (*Id.* at 4.) Via put in several requests to use the law library, but learned from officers in May 2020, that the law library was closed due to COVID–19. (*Id.* at 5.) At that point, Via submitted informal complaints, various grievances and appeals about the law library being closed between May and August 2020. (*Id.* at 5–14.) On August 6, 2020, Via received the first set of requested legal materials from the law library. (*Id.* at 14.) Between August 10 and September 4, 2020, Via requested certain materials from the law library but was denied these

---

[2]   The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, spacing and punctuation in the quotations from the Complaint.

3

materials. (*Id.* at 14–15.) On December 16, 2020, Via filed his state habeas petition with the Hampton Circuit Court ("Circuit Court"). (*Id.* at 15.) Via

> received only 10 case law copies to review, but [he] requested several requests for court procedures, rules, and law code. [He] was limited to 10 cases and one habeas corpus form. [He] was only able to put together a petition of habeas corpus by collecting cases, rules, and some procedure from other inmates in [Sussex II] who hoarded legal work in their cells.

(*Id.*)

In April and June 2021, Via requested materials from the library about filing a petition for appeal in the Supreme Court of Virginia, but received no response. (*Id.* at 15–16.) The Circuit Court denied his habeas petition on July 14, 2021, and Via noted his appeal to the Supreme Court of Virginia on July 8, 2021. (*Id.* at 16.) Because of the lack of guidance from the law library, Via "ha[d] no way of knowing there were strict rules and a specific format [he] had to go by when filing [his] appeal." (*Id.*) Via "assumed if [he] had made a mistake with my petition, the VA Supreme Court would ask me to clarify or explain unintended error." (*Id.* at 16.) Via contends that he "received an actual injury from all defendants listed in this 42 U.S.C. § 1983 complaint on May 27, 2022, when the VA Supreme Court procedural[ly] dismissed my petition for appeal, which was the result of these individuals who either directly or indirectly violated my right to be provided with legal assistance." (*Id.* at 17.) Even after explaining to the Supreme Court of Virginia how Sussex II staff had "denied [him] access to all legal assistance for two consecutive years, [the Supreme Court of Virginia] denied [him] an opportunity to refile a petition for appeal on October 7, 2022." (*Id.* at 17.)

4

Via contends that "[t]he denial of my right to legal assistance . . . constituted a due process violation." (*Id.* at 18.)[3] Via seeks monetary damages, along with declaratory and injunctive relief. (*Id.* at 18–19.)

### III.   ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Via's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Via's Complaint will be dismissed for failure to state a claim for relief and as frivolous.

As an initial matter, Via filed a complaint in July of 2020, which raised a similar claim based on a portion of the same facts, and the Court found it lacking in merit. *Via v. Cabell*, No. 3:20cv511 (DJN), 2022 WL 256280 (E.D. Va. Jan. 1, 2022). The Court previously explained:

> In their Partial Motion to Dismiss, Defendants argue that "Via's allegations fail to identify how [Defendants'] conduct violated Via's constitutional rights." (Mem. in Supp. Defs.' Part. Mot. to Dismiss (ECF No. 27) at 2.) The Court agrees with Defendants. Plaintiff's allegations do not specifically state what constitutional right the Defendant's conduct allegedly violated. Indeed, Plaintiff does not even specify that his lawsuit attempts to vindicate a constitutional right, as opposed to one created by an institutional policy, or some other authority. To the extent that Plaintiff alleges that Defendants have violated some right purportedly bestowed upon him by some institutional policy, violations of prison operating procedures do not implicate constitutional rights and are not cognizable under § 1983. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that "state-created procedures" do not define the standard for due process).
> Further, to the extent that Plaintiff's Complaint could be liberally construed to allege a constitutional violation, the Court must note that inmates do not enjoy an "abstract, freestanding right to a law library or legal assistance." *Finch v. Miller*,

---

[3]   Via contends that the alleged conduct violated his First, Eighth and Fourteenth Amendment rights. (ECF No. 1, at 18.) However, only the Fourteenth Amendment provides Via with a right to due process. The Fourteenth Amendment states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

5

> 491 F.3d 424, 427 (8th Cir. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Rather, Plaintiff must show that his allegedly inadequate access to legal materials violated his constitutional right to access to the courts. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (observing that "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment").
>
> In order to establish a case of denial of access to the courts, a plaintiff must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "This requires the inmate to come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *McCoy v. Clarke*, 2013 WL 4749912, at *2 (E.D. Va. Sept. 3, 2013) (citations omitted) (internal quotation marks and alteration omitted).
>
> Plaintiff's Complaint completely lacks any allegations concerning an actual injury to non-frivolous litigation. While Plaintiff mentions a habeas corpus petition that he intends to pursue, he has not described the claims that he plans to raise, much less established that they are non-frivolous. Further, even if Plaintiff could have pointed to some non-frivolous claim that he would like to raise, Plaintiff has failed to demonstrate that he has suffered any actual harm to his ability to file his habeas corpus petition, or otherwise raise those claims.
>
> The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (holding that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). Because Plaintiff fails to allege facts that plausibly suggest an actual injury to non-frivolous litigation his claims, the action will be DISMISSED as legally frivolous and for failure to state a claim.

*Id.* at *3–4. In his new Complaint, Via now indicates that Defendants' actions violated his right to due process. Via also alleges additional facts from after July 2020, including the results of his state habeas petition and subsequent appeal to the Supreme Court of Virginia. Even with these additions, Via fails to allege facts that would plausibly suggest that he was denied access to the courts.[4]

---

[4] Via's prior case was dismissed on January 26, 2022. Therefore, most of the new facts Via alleges in the current action could have been raised in his prior case if he had moved to amend his complaint. Accordingly, the doctrine of *res judicata* may bar Via from relitigating this claim. *See Paragon Servs., Inc. v. Hicks*, 843 F. Supp. 1077, 1079 (E.D. Va. 1994) (observing that under the doctrine of res judicata, "parties may not attempt to relitigate claims which were *or could have been* raised in an earlier suit where a final judgment on the merits was reached" (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982))); *cf. id.* (noting that under

While not clearly alleged, the Court infers that Via blames the denial of his state habeas petition and his appeal on his inability to obtain certain legal materials. Therefore, it appears that Via attempts to show that he experienced an actual injury to non-frivolous litigation. With respect to his habeas petition in the Circuit Court, Via specifically indicated that he was able to gather missing materials for his petition from other inmates. Via was also able to file the petition in the Circuit Court within the statute of limitations. Moreover, this Court reviewed the state courts' denial of his state habeas petition in the 28 U.S.C. § 2254 petition that Via filed in this Court. *See Via v. Clarke*, No. 3:22cv685 (DJN), 2023 WL 4236907 (E.D. Va. June 27, 2023). The record reflects that the Circuit Court did not dismiss Via's state habeas petition on a procedural ground but because it lacked merit. *Id.* at 6–7. Via fails to explain how a lack of unidentified legal materials undermined his ability to present the claim that he raised in his habeas petition in the Circuit Court and that the Circuit Court reviewed on its merits.

Via also alleges that the Supreme Court of Virginia "procedural[ly] dismissed my petition for appeal," because Via "ha[d] no way of knowing there were strict rules and a specific format [he] had to go by." (ECF No. 1, at 16–17.)[5] Although Via blames this result on a lack of assistance from the law library, the Court fails to discern why Via could not have gotten this information from the Supreme Court of Virginia or from the other inmates who came to his aid with legal materials when he filed his initial habeas petition in the Circuit Court. More

---

the related doctrine of collateral estoppel, "parties may not attempt to relitigate claims which have been actually litigated by the parties in an earlier suit" (citing *Young Eng'rs, Inc. v. ITC*, 721 F.2d 1305, 1314 (Fed. Cir. 1983))). Nevertheless, because Via alleges facts that occurred after his prior case was dismissed and because of the frivolous nature of his Complaint, the Court instead dismisses the action on its merits.

5      From the Court's review of its own docket, it is clear that the Supreme Court of Virginia denied Via's petition for appeal because his assignments of error were insufficient. *See Via v. Clarke*, No. 3:22cv685 (DJN) (E.D. Va. filed Jan. 30, 2023), ECF No. 15–9.

7

importantly, Via fails to identify at all here, much less with the requisite specificity, what claim he wished to raise in his petition for appeal.[6] Therefore, Via fails to describe a "predicate claim . . . well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher*, 536 U.S. at 416 (footnote omitted). In sum, Via fails to allege facts suggesting an actual injury to non-frivolous litigation. Accordingly, Via's claim and the action are DISMISSED for failure to state a claim and frivolous.

## IV. CONCLUSION

Via's claim will be DISMISSED for failure to state a claim and as frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Via.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 13, 2023

---

[6] At most, Via indicates that he filed the habeas petition from the Circuit Court with the Supreme Court of Virginia, but he does not identify what claims he wished to raise on appeal. (ECF No. 1, at 17.)